IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-00126-FDW

| | | |
|---|---|---|
| ALLEN LITTLEJOHN, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LARRY JONES, Dr., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of the pro se complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

I.   BACKGROUND

Plaintiff is a prisoner of the State of North Carolina following his convictions for robbery with a dangerous weapon and two counts of felony larceny on May 5, 2011, in Gaston County Superior Court; Plaintiff's projected release date is November 29, 2017.[1]

In his complaint, Plaintiff contends that he sustained an injury to his knees during a basketball game while housed at Piedmont Correctional Institution (CI). Plaintiff placed a sick call to have the injury examined but he was transferred to Alexander CI before his appointment. While at Alexander CI, Plaintiff placed another sick call regarding his injury, and he was examined by Nurses Keller and Puckett and he was provided with an analgesic to address his pain. Plaintiff was also set up with an appointment with Defendant Jones, whom Plaintiff identifies as a doctor at Alexander CI. Dr. Jones examined him and concluded that Plaintiff's pain was caused by tendinitis. (Doc. No. 1: Compl. at 7).

---

[1] This information was obtained from the website maintained by the North Carolina Department of Public Safety, Adult Corrections Division.

1

Plaintiff also placed a sick call to have his right hand examined after he injured it during a fight at Alexander CI. Dr. Jones examined Plaintiff and then referred him to an orthopedic doctor in Hickory and he was given X-rays. The orthopedic doctor remarked that Plaintiff's hand appeared to be badly injured. Plaintiff maintains that this diagnosis differed from that of Dr. Jones, whom Plaintiff claims failed to appreciate the severity of the injury.

Several months after being examined by the orthopedic doctor, Plaintiff was again examined by Dr. Jones this time for an injury to his ankle. Plaintiff's ankle was X-rayed, but according to Plaintiff, Dr. Jones never discussed the results with him and decided to prescribe Ibuprofen for Plaintiff's pain. Plaintiff was also examined by Nurse Reed on another occasion after placing a sick call regarding his ankle, and he was provided with an ice pack, Ibuprofen, and an ace bandage. (Compl. at 3-5).

In his claim for relief, Plaintiff seeks an injunction which would order Dr. Jones to provide proper medical treatment for his injuries and he prays for an award of monetary damages from Dr. Jones, both compensatory and punitive, for his inadequate medical treatment. (Id. at 7).

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or

negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

First, Plaintiff notes that Dr. Jones is no longer employed at Alexander CI and Plaintiff has been transferred from that prison to Lanesboro CI; therefore Plaintiff's claim for injunctive relief against Dr. Jones will be dismissed as moot. See Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986).

Second, throughout Plaintiff's complaint he insists that Dr. Jones either misdiagnosed him or was otherwise negligent in treating his hand, knees and ankle; however the complaint makes clear that Dr. Jones referred him for X-rays and then chose to treat Plaintiff with Ibuprofen. Plaintiff also maintains that he argued with Dr. Jones about the doctor's course of medical treatment and complained that it was inadequate. (Compl. at 7). As noted above, disagreement over the method and course of medical treatment is inadequate to state a claim of deliberate indifference to serious medical needs, as is a general claim that Dr. Jones was negligent in his course of treatment.

IV. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim that Dr. Jones was deliberately indifferent to his serious medical needs.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: August 19, 2016

Frank D. Whitney
Chief United States District Judge